IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CYNTHIA A. MCINTIRE, | ) |
| | ) Cause No. CV-10-107-BLG-RFC-CSO |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER ADOPTING FINDINGS |
| | ) AND RECOMMENDATIONS OF |
| MICHAEL J. ASTRUE, | ) U.S. MAGISTRATE JUDGE |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff Cynthia A. McIntire filed this action for judicial review of the Defendant Commissioner of Social Security's decision denying her applications for disability insurance benefits and supplemental security income. United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*doc. 19*) on the parties' cross-motions for summary judgment (*docs. 12 & 15*). After a thorough review, Magistrate Judge Ostby concluded the Commissioner's decision was based on substantial evidence and is free from legal error and therefore recommends the Commissioner's motion be granted and McIntire's motion be denied.

1

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file "specific written objections." Rule 72(b)(2) Fed.R.Civ.P. A specific written objection requires this Court to conduct a *de novo* review McIntire has filed timely objections. *Doc. 20.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, McIntire's objections are overruled and the Commissioner's motion must be granted.

McIntire primarily objects to Judge Ostby's failure to incorporate her proposed uncontested findings set forth with her initial brief, as well as Judge Ostby's failure to consider specific evidence. But this Court's scope of review in cases like this is limited to determining whether the ALJ's decision is supported by substantial evidence and not based on legal error. *Ryan v. Commr. of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Moreover, it is the job of the ALJ–not the Court–to determine the credibility of witnesses and resolve conflicts in medical testimony. *See Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Judge Ostby meticulously cited the portions of the record she relied upon in affirming the ALJ and she had no duty to incorporate any of McIntire's proposed findings of fact.

Accordingly, since Magistrate Judge Ostby's Findings and Recommendation are firmly grounded in law and fact, they are adopted in their entirety.

**IT IS HEREBY ORDERED** that McIntire's motion for summary judgment (*doc. 12*) is **DENIED,** while the Commissioner's motion for summary judgment (*doc. 15*) is **GRANTED.** The Commissioner's decision to deny benefits is affirmed.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED this 26th day of April, 2011.

\_\_/s/Richard F. Cebull_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE